**IN UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION**

CASE NO. 1:24-CV-20631-BECERRA/SANCHEZ

TRANSPARK, LLC, a
Florida limited liability company,

*Plaintiff*,

v.

FTP INVESTMENT CORPORATION, a
California corporation.

*Defendant*.

_________________________________________/

**DEFENDANT'S MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES AND COSTS REGARDING PLAINTIFF'S CIVIL THEFT CLAIM**

Defendant, FTP INVESTMENT CORPORATION ("Defendant") pursuant to Section 772.11, Florida Statutes and Local Rule 7.3, by and through the undersigned counsel, files this Motion for Entitlement to Attorneys' Fees and Costs Regarding Plaintiff's Civil Theft Claim, and as grounds therefore states as follows:

## I. SUMMARY OF THE ARGUMENT

The Court entered summary judgment against Plaintiff's civil theft claim making Defendant the prevailing party on said claim. Under Florida's civil theft statute, Defendant is entitled to recover its attorneys' fees and costs from Plaintiff because the civil theft claim was brought without substantial factual or legal support since the Court determined Plaintiff could not establish a valid conversion claim, a required element of civil theft.

All of Plaintiff's claims were based on the same set of facts related to a breach of contract claim, which makes the failed civil theft inextricably intertwined with all other claims. This entitles

Defendant to recover all of its fees except those explicitly related to other claims. Accordingly, Defendant is seeking to recover a total of **$433,579.68** in attorneys' fees and costs from Plaintiff.

## II. PROCEDURAL AND FACTUAL HISTORY

1. On February 18, 2024, Plaintiff filed its Complaint alleging claims of breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, breach of common law partnership, and equitable accounting. [D.E. 1].

2. All of Plaintiff's claims relate to a breach of a Profit Participation Agreement ("Agreement") and Ground Lease entered into by Plaintiff and Defendant in 2006 regarding the property located at 130 SE 1st Street, Miami, FL 33131. Defendant sold the property in 2021, over ten years after Plaintiff was dissolved and had abandoned the Agreement. After coming back from the dead, Plaintiff now believes it is entitled to a portion of the proceeds from the sale of the property. *See generally id.*

3. On June 13, 2024, Plaintiff filed its Second Amended Verified Complaint, which alleged a claim for civil theft for the first time [D.E. 24]. However, the civil theft claim was based on the same set of facts as the breach of contract claim.

4. On June 27, 2024, Defendant filed its Motion to Dismiss Plaintiff's Second Amended Complaint, which argued among other things, that Plaintiff's claim for civil theft failed as matter of law because the claim: (a) failed to meet Rule 9(b)'s heightened pleading standard; (b) was duplicative of the breach of contract claim; and (c) Defendant had not embezzled funds because Plaintiff never gave Defendant funds to temporarily hold in a segregated and identifiable account. *See* [D.E. 27].

5. On October 30, 2024, the Court entered an Order which, among other things, dismissed Plaintiff's claim for civil theft. [D.E. 43].

6. Part of Court's reasoning for dismissing Plaintiff's civil theft claim was that it was "truly pled as a breach of contract" claim. [D.E. 87] at p. 22.

7. On December 2, 2024, Plaintiff filed its Third Amended Complaint which realleged its civil theft claim. [D.E. 52].

8. Plaintiff's civil theft claim was also a shotgun pleading, that included six additional torts, in a desperate attempt to avoid the independent tort doctrine, which were: conversion, embezzlement, negligent misrepresentation, fraudulent misrepresentation, breach of fiduciary duty, and perjury. *See id.* at p. 36-37.

9. On December 16, 2024, Defendant filed its Motion to Dismiss Plaintiff's Third Amended Complaint which argued, among other things, that Plaintiff's civil theft claim failed as a matter of law because: (a) the claim was a shotgun pleading; (b) Plaintiff failed to plead a valid claim of conversion; (c) the civil theft claim was duplicative of its breach of contract claim; and (d) the civil theft claim violated the independent tort doctrine. [D.E. 54].

10. On March 20, 2025, Defendant filed its Motion for Final Summary Judgment, which argued, among other things, that judgment should be entered against Plaintiff's civil theft claim because: (a) Plaintiff is unable to prove conversion occurred as a matter of law; (b) the civil theft claim is based on the same facts as the breach of contract claim; (c) the civil theft claim violated the independent tort doctrine. [D.E. 75].

11. On July 1, 2025, the Court granted in part and denied in part Defendant's Motion for Final Summary Judgment and, among other things, entered judgment against Plaintiff's civil theft claim because the claim failed as a matter of law since the undisputed record evidence showed Plaintiff was unable to establish a valid claim of conversion. [D.E. 127].

12. In support of Defendant's request for attorneys' fees and costs, Defendant is submitting the affidavit of its lead counsel, Marcus A. Nielsen, Esq., a true and correct copy of which is hereto attached as **Exhibit 1.**

13. On July 30, 2025, Defendant served Plaintiff with a draft copy of this Motion.

14. On August 20, 2025, Defendant and Plaintiff met and conferred but could not come to an agreement on the issues raised in this Motion.

## III. LAW AND ARGUMENT

### A. Legal Standard for Awarding Attorneys' Fees under the Civil Theft Statute.

The rule and policy is clear—defendants who prevail on a civil theft claim brought without substantial factual or legal support are entitled to recover costs and reasonable attorneys' fees. *Bronson v. Bronson*, 685 So. 2d 994, 995 (Fla. 5th DCA 1997).[1] Section 772.11, Florida Statutes provides as follows:

> The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court may not consider the ability of the opposing party to pay such fees and costs. This section does not limit any right to recover attorney's fees or costs provided under any other law.

The language of the statute providing for reimbursement of fees is mandatory, not permissive, and "does not state that the determination of substantial factual or legal support must be made after some particular point in the proceedings." *Tangerine Bay Co. v. Derby Rd. Invs.*, 664 So. 2d 1045, 1047 (Fla. 2d DCA 1995) (citing *Ciaramello v. D'Ambra*, 613 So. 2d 1324 (Fla. 2d DCA 1991) (affirming award of attorneys' fees and costs following dismissal of civil theft claim)). A defendant is entitled to attorneys' fees and costs in defending against a civil theft claim under section772.11,

[1] *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014) ("Where the right to attorneys' fees and costs sounds in state law and reaches this Court by way of federal diversity jurisdiction, we apply the substantive law of the forum state").

even if the plaintiff prevails on other claims. *Friedman v. Lauderdale Med. Equip. Serv., Inc.*, 591 So. 2d 328, 329 (Fla. 4th DCA 1992).

Importantly, the "without substantial factual or legal support" standard does not require that the court adjudicate the civil theft claim on the merits. *Cap. Factors v. Gen. Plastics Corp. (In re Gen. Plastics Corp.)*, 170 B.R. 725, 735 (Bankr. S.D. Fla. 1994). Fee awards under Section 772.11, Florida Statutes require only a finding that the civil theft claim was without substantial factual or legal support. *Skubal v. Cooley*, 650 So. 2d 169, 170 (Fla. 4th DCA 1995). The intent of the legislature in adopting this broad standard was to discourage civil theft claims lacking in factual and legal substance. *Ciaramello,* 613 So. 2d at 1325 ("[W]e interpret the legislature's intent in wording section 772.11 was to discourage civil theft claims lacking either legal or factual substance by setting a less stringent standard for a fee award than the bad faith standard of section 57.105."). Applying this standard, Defendant is entitled to recover its attorneys' fees and costs because the civil theft claim asserted by Plaintiff lacked factual and legal support since the Court found the claim failed as a matter of law, and Plaintiff forced Defendant to defend itself against a civil theft claim that failed on the face of the Second and Third Amended Complaints.

**B. Plaintiff's civil theft claim lacked substantial factual and legal support.**

Defendant is entitled to recover its attorneys' fees because Plaintiff's claim lacked factual and legal support. In Florida, a civil theft claim is by definition without any factual support when it is missing an essential element of the claim. *See Friedman v. Lauderdale Medical Equip. Serv.*, 591 So. 2d 328, 329 (Fla. 4th DCA 1992) ("[T]he claim of civil theft was by definition without any factual evidentiary support, let alone substantial fact, because it was missing an essential element of the claim.").

"To establish a claim for civil theft, a party must prove that a conversion has taken place and that the accused party acted with criminal intent." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. 3d DCA 2008). Where, as here, the property at issue is money, a plaintiff must also demonstrate that "the funds are specific and identifiable" in order to sufficiently establish that a conversion occurred. *Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 272 (11th Cir. 2009). So, an essential element of a civil theft claim is a valid claim of conversion.

Plaintiff brought a civil theft and conversion claim based on money owed under a contract. In Florida, "[a]n action for conversion of money requires: (1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives plaintiff of that money; and (4) a demand for return of the money and a refusal to do so." *Regions Bank v. Kaplan*, Nos. 17-15478, 18-13220, 2021 U.S. App. LEXIS 31542, at *19 (11th Cir. Oct. 19, 2021) (citing *United States v. Bailey*, 419 F.3d 1208, 1214 (11th Cir. 2005)). Here, Plaintiff failed to establish the first element of a conversion claim, the existence of specific and identifiable money.

In *Gambolati v. Sarkisian*, the defendant appealed an order denying him entitlement to attorneys' fees on the plaintiff's failed civil theft and conversion claims. 622 So. 2d 47, 48 (Fla. 4th DCA 1993). The parties were joint owners of multiple racehorses, agreeing to split the costs and profits on pre-determined percentages. *Id.* When a horse won at one of the tracks, the earnings were deposited into joint accounts shared by the plaintiff and defendant. *Id. A* dispute arose as to what portion of money was owed to the plaintiff from the winnings of the horses, and the plaintiff filed a claim for civil theft and conversion against the defendant. *See generally id.* However, defendant was a trainer of the horses and argued that he withheld a portion of plaintiff's winning earnings to pay for outstanding training expenses. *Id.* at 49. The Fourth DCA reversed the lower

court's decision and found that the defendant *was entitled to recover its attorneys' fees under Florida's civil theft statute* because the plaintiff's claims were made "without substantial legal support" since the defendant's breach of his obligation to pay a portion of moneys owed could not constitute civil theft and conversion. *Id.* at 50. The Court reasoned that the conversion claim failed because "[t]he money owed [to plaintiff] was not clearly identifiable in that it was neither delivered all at one time nor segregated from that portion of the [profit] belonging to" plaintiff or defendant. *Id.* at 50. And a dispute arose over how much was owed due to the defendant being entitled to recover his costs in training the horses. *Id.* at 50.

Here, identical to the *Gambolati* case, the Court found that Plaintiff's conversion claim failed as a matter of law because the "undisputed record evidence shows that the allegedly converted funds do not constitute specific and identifiable money;" and entered summary judgment in Defendant's favor on Plaintiff's civil theft claim. [D.E. 127] at pp 24-5. Accordingly, the Court should follow the reasoning of *Gambolati* court and find that Defendant is entitled to recover its attorneys' fees under Section 772.11, Florida Statutes, from Plaintiff since it brought a civil theft claim that lacked substantial legal support.

**C. Defendant is entitled to recover the majority of its fees since all of Plaintiff's claims are inextricably intertwined with Plaintiff's civil theft claim.**

Defendant is entitled to recover all attorneys' fees expended except the fees that are explicitly for non-civil theft claims because all of Plaintiff's claims are inextricably intertwined with its failed civil theft claim. "Where... 'a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the trial court must evaluate the relationship between the claims' to determine the scope of the fee award." *Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1306-07 (M.D. Fla. 2011) (quoting *Chodorow v. Moore*, 947 So.2d 577, 579 (Fla. 4th DCA 2007)). If "the claims

involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought [or were authorized]." *Id.* (quotation and internal quotation marks omitted) (alteration in *Chodorow*); *see also United States v. Jones*, 125 F.3d 1418, 1430 (11th Cir. 1997).

"[W]here a particular claim is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts; of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.'" *Durden*, 763 F.Supp. 3d 1306 (citing *Caplan v. 1616 E. Sunrise Motors, Inc.*, 522 So.2d 920, 922 (Fla. 3d DCA 1988)); *See e.g., Barmapov v. Amuail*, No. 18-cv-80390, 2019 U.S. Dist. LEXIS 203426 (S.D. Fla. Nov. 21, 2019), *report and recommendation adopted sub nom. Barmapov v. Amuial*, No. 9:18-CV-80390-WPD, 2019 U.S. Dist. LEXIS 213581 (S.D. Fla. Dec. 9, 2019) ("[T]he Florida civil theft claim was pending against Defendants from August 20, 2018 through December 27, 2018 . . . and Defendants are entitled to their reasonable attorneys' fees for defending against the Florida civil theft claim and all of the other inextricably intertwined claims only during that specific period of time").

Here, Plaintiff's civil theft claim was pending form June 13, 2024 to July 1, 2025. And all of Plaintiff's claims were based on a common core of facts and legal theories. In sum, Plaintiff's allegations amounted to nothing more than a breach of contract claim—not civil theft. This is evident by the fact that in order for the Court to determine that Plaintiff's civil theft claim failed as a matter law, it had to rely on the terms of the Agreement to show that it was *impossible* for Plaintiff to establish it was owed a specific and identifiable sum on money. [D.E. 127] pp. 23-25. Stated differently, all time expended, except for billing entries that are specifically attributed

claims other than civil theft, are inextricably intertwined and recoverable under Section 772.11, Florida Statutes.

**D. Calculation of Attorneys Fee Award**

"Just as a federal court must apply state law to determine whether a party is entitled to fees, it must also apply state law to resolve disputes about the reasonableness of fees." *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010) (footnote omitted). "In calculating attorney fee awards, Florida [c]ourts have 'adopted the federal lodestar approach as the foundation for setting reasonable fee awards.'" *MWH Constructors, Inc. v. Brown & Brown Elec., Inc.*, No. 17-80902-CIV, 2018 U.S. Dist. LEXIS 153005 (S.D. Fla. Sep. 5, 2018) at *2 (quoting *Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1264 (M.D. Fla. 2010) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985))). The calculated "lodestar" may then be adjusted for the results obtained. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). To compute the lodestar amount, courts in this District consider the *Johnson* factors:

> (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
>
> (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
>
> (6) the nature and length of the professional relationship with the client;

> (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and
>
> (8) whether the fee is fixed or contingent.

*See Wachovia Bank v. Tien*, No. 04-20834, 2015 WL 10911506, at *1 (S.D. Fla. Apr. 7, 2015) (J. Valle) (*citing Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-719 (5th Cir. 1974)).

In addition to the *Johnson* factors, the Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "all of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008); *see also Mendez v. Model Row Inc.*, 2018 WL 4922371, at *2 (S.D. Fla. Aug. 10, 2018), *report and recommendation adopted*, 2018 WL 4922372 (S.D. Fla. Aug. 28, 2018). Further, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and also the Court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."). *See also, Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988), ("[t]he court ... is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees ...").

In submitting a request for attorneys' fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). This means excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill,

reputation or experience of counsel." *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (emphasis in original)).

Here, Defendant has exercised billing judgment by closely examining the attorneys' fees it seeks to recover to ensure inclusion only of those fees attributable to or inextricably intertwined with the civil theft claim, and has excluded fees for any excessive, redundant or otherwise unnecessary work.

**i. Calculation of the Fee Amount**

FTP was represented first by Bell Rosquete Reyes Estaban, PLLC, and is currently represented by Boyd Richards Parker & Colonnelli, P.L. The charts below break down the calculations by firm spanning only from June 13, 2024 to July 1, 2025, which is when the civil theft claim was litigated. *See* Ex. 1 at ¶ 11. A copy of all the billing invoices are attached to Composite Exhibit E to Exhibit 1 of this Motion.

*a. Calculation of fee amount from Bell Rosquete Reyes Estaban, PLLC*

| Timekeeper | Title | Rate | Hours | Total |
|---|---|---|---|---|
| Javier A. Reyes, Esq. | Partner | $600 per hour | 5.3 | $3,180.00 |
| Armando Rosquete, Esq. | Partner | $600 per hour | 2.4 | $1,440.00 |
| Veronica Vicente, Esq. | Associate | $300 per hour | 35.56 | $10,668.00 |
| | | | **Total:** | $15,288.00 |

*b. Calculation of fee amount from Boyd Richards Parker & Colonnelli, P.L.*

| Timekeeper | Title | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Steven J. Mitchell, Esq. | Partner | $650 | 31.1 | $20,215.00 |
| Marcus A. Nielsen, Esq. | Partner | $650 | 413.5 | $268,775.00 |
| Nicole Leon, Esq. | Associate | $450 | 218.4 | $98,280.00 |
| Jorge G. Castillo Cuevas, Esq. | Associate | $450 | 10.2 | $4,590.00 |
| Nanette M. Bauza | Paralegal | $175 | 77.7 | $13,597.50 |
| | | | **Total:** | $405,457.50 |

*c. Total amount*

| Firm | Total amount of fees per firm |
|---|---|
| Boyd Richards Parker & Colonnelli, P.L | $405,457.50 |
| Bell Rosquete Reyes Estaban, PLLC | $15,288.00 |
| **TOTAL FEES:** | $420,745.50 |

**ii. The Fee Claim is Reasonable.**

*a. FTP's alternative fee recovery clause and rates are valid and reasonable*

FTP's reasonable rate, as prescribed by retainer agreement's alternative fee recovery clause, is $650 per hour for partner, $450 per hour for associates, and $175 for paralegals. According to FTP's retainer agreement with its current counsel, Boyd Richards Parker & Colonnelli, P.L., "should anyone other than [FTP] be required to pay [the firm's] attorneys' fees, the hourly rate for attorneys' fees shall be $650 for partners, $450 for associates, and $175 for paralegals or such an amount as is determined by the court, whichever is higher." *See* Ex. 1 at ¶ 8. The Florida Supreme Court has found this clause valid "even if [the] contract provides that prevailing party attorney's fees may be higher than those charged to the client." *Carl Domino, Inc. v. Dixon*, 50 Fla. L. Weekly D1155 (Fla. 4th DCA May 21, 2025) (*First Baptist Church of Cape Coral, Fla. Inc. v. Compass Constr., Inc.*, 115 So. 3d 978, 983 (Fla. 2013) (("[W]e hold that the alternative fee recovery clause, which required Compass to pay prevailing party reasonable attorney's fees in an amount greater than First Baptist's insurance company owed under the agreement's hourly rate, is valid."))); *see CodeVentures, Ltd. Liab. Co. v. Vital Motion, Inc.*, No. 20-CV-21574-MORE, 2021 U.S. Dist. LEXIS 201533, at *33 (S.D. Fla. Oct. 19, 2021) ("in Florida, alternative fee agreements in anticipation of a Court-ordered award of attorneys' fees are enforceable").

i. Billing Attorneys from Boyd Richards Parker & Colonnelli, P.L.

1. Marcus Antonio Nielsen — Partner

Mr. Nielsen was admitted to the Florida Bar in 2018 and the Washington D.C. Bar in 2021. He is a partner at BRPC. His resume and firm biography are attached as Composite Exhibit A to

Exhibit 1 of this Motion. Mr. Nielsen has experience litigating civil theft and conversion claims.[2] His hourly rate is $650.[3]

2. Steven J. Mitchell — Partner

Mr. Mitchel was admitted to the Florida bar in 1988. He is a partner at Boyd Richards Parker & Colonnelli, P.L. ("BRPC"). His firm biography is attached to Composite Exhibit C to Exhibit 1 of this Motion. His hourly rate is $650.

3. Nicole Leon — Associate

Ms. Leon was admitted to the Florida Bar in 2023. Her firm biography is attached as Composite Exhibit C to Exhibit 1 of this Motion. She is an associate at BRPC. Her hourly rate is $450.

4. Jorge G. Castillo Cuevas — Associate

Mr. Castillo was admitted to the Florida Bar in 2021. He was an associate at BRPC.[4] His firm biography is attached to Composite Exhibit C to Exhibit 1 of this Motion. His hourly rate is $450.

ii. Billing Attorneys from Bell Rosquete Reyes Estaban, PLLC

1. Javier A. Reyes, Esq. — Partner

---

[2] Mr. Nielsen has litigated civil theft or conversion of money claims in the following non-exhaustive list of cases: *Kuehne + Nagel, S.A., v. APAAIR, LLC,* in the 11th Judicial Circuit in and for Miami-Dade County, with Case No. 2018-041849-CA-01; *Eliezer Tabib, et al. v. Dror Levy, et al.*, in the 11th Judicial Circuit in and for Miami-Dade County, with case no. 2021-000099-01, *Marco Destin, Inc., et al. v. Okaloosa Properties Management, LLC, et al,* in the 1st Judicial Circuit in and for Okaloosa County, Florida, with Case No. 2021-003926-CA.; *Bha-Ku, et al. v. Dror Levy, et. al.,* in the 17th Judicial Circuit in and for Broward County, Florida, with Case No. CACE21-004569; *Eliezer Tabib v. Dror Levy, et. al.,* in the 17th Judicial Circuit in and for Broward County, Florida, with Case No. CACE-24-009371; *Calos Kauffman, et al. v. Juan Bracamonte*, in the 11th Judicial Circuit in and for Miami-Dade County, with Case No. 2019-034382-CA-01.

[3] Starting in November 2024, Mr. Nielsen lowered his rate from $400 to $300 to provide Defendant with a discount, however, Plaintiff is not entitled to receive this discount.

[4] Mr. Castillo no longer works at BRPC and is currently employed by Lash Goldberg Fineberg LLP. He was replaced by Nicole Leon on this matter.

Mr. Reyes was admitted to the Florida Bar in 2003. He is a partner and founding member of Bell Rosquete Reyes Estaban, PLLC ("Bell Rosquete"). His firm biography is attached to Composite Exhibit C to Exhibit 1 of this Motion. His hourly rate is $600.

2. Armando Rosquete, Esq. — Partner

Mr. Rosquete was admitted to the Florida Bar in 2003. He is a named partner at Bell Rosquete. His firm biography is attached to Composite Exhibit D to Exhibit 1 of this Motion. His hourly rate is $600.

3. Veronica Vicente, Esq. — Associate

Ms. Vicente was admitted to the Florida Bar in 2022. She is an associate at Bell Rosquete, His firm biography is attached to Composite Exhibit D to Exhibit 1 of this Motion. Her hourly rate is $300.

*b. The hours were reasonably expended.*

As described above, Defendant is entitled to a full fee award because the Plaintiff's civil theft claim and other claims involved a common core of facts and were based on related legal theories. However, Defendant exercised "billing judgment" to exclude hours for work on discrete issues that were *explicitly* unrelated to civil theft. For example, if a billing entry was explicitly for researching unjust enrichment, it was excluded and no billing entries for responding to Plaintiff's Motion for Partial Summary Judgment were included since said motion did not involve civil theft.

Here, approximately ten years after being dissolved and abandoning the property, Plaintiff reappeared in order to demand over $15 million in damages in its meritless civil theft claim within its 245 paragraph Complaint. [D.E. 52]. The facts of this case spanned from 2006 to 2021, which required the review and analysis of thousands of pages of tax records, mortgage records, bank

records, accounting records, related case records, depositions transcripts, and email communications.

In order for Defendant to properly produce the required ESI, it had to hire outside ESI counsel and support, which also involved numerous hours of document review due the voluminous amount of ESI involved. Defendant also had to issue various subpoenas to banks, law firms, and accountants in attempts to locate documents, some being over a decade old. The parties conducted multiple depositions, with two depositions requiring an additional day. Defendant also had to hire an expert forensic accountant in order to opine on damages that were indistinguishable from the breach of contract and civil theft claims.

Instead of acknowledging its civil theft claim as completely improper after it was dismissed for essentially being a breach of contract claim, Plaintiff doubled down and realleged the improper civil theft claim in a shotgun pleading that included six additional torts tucked inside its civil theft claim in an attempt to enrich itself through treble damages.

Defendant's lead counsel, Mr. Nielsen has past experience litigating civil theft or conversion of money claims. And the complexity and factual time span of this case required the expenditure of a significant amount hours in order to conduct legal research, document review, draft dispositive motions and Daubert motions, and attend depositions and hearings. Accordingly, the Court should find that the hours expended are reasonable.

**E. Reasonableness of Costs**

28 U.S.C. § 1920 allows a judge or clerk of any court of the United States to tax as costs the following:

a. Fees of the clerk and marshal;

b. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

c. Fees and disbursements for printing and witnesses;

d. Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

e. Docket Fees under section 1923 of this title; and

f. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*i. Depositions costs*

Necessary deposition fees are recoverable costs under 28 U.S.C. § 1920(2). *Wreal, LLC v. Amazon.com, Inc.*, No. 14-21385-CIV-LENARD/GOODMAN, 2019 U.S. Dist. LEXIS 221437, at *8 (S.D. Fla. Dec. 26, 2019). "'The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to any intervening developments that later rendered the depositions unneeded for further use.'" *Brinkley v. Dialysis Clinic, Inc.*, No. 1:04cv184-MHT (WO), 2006 U.S. Dist. LEXIS 9511, at *5 (M.D. Ala. Mar. 1, 2006) (quoting *Hudson v. Nabisco Brands*, 758 F.2d 1237, 1243 (7th Cir. 1985)). Defendant incurred a total of $12,479.18 in necessary deposition and transcript fees for the following depositions:

a) Defendant deposed Plaintiff on November 14, 2024, and January 8, 2025.

b) Defendant deposed Andrew Kaplan on January 5, 2025 because he is Plaintiff's rebuttal damages expert.

c) Defendant deposed Daniel Bortunk on January 7, 2025, because he was Plaintiff's book keeper.

d) Plaintiff deposed Joseph Colletti on June 12, 2024 because he was the closing agent for the Property at issue.

e) Plaintiff deposed Defendant on October 23, 2024 and January 21, 2025.

f) Plaintiff deposed Dana Kauffman on January 8, 2025 because he is Defendant's damages expert.

The deposition transcripts of (1) Defendant ; (2) Plaintiff; (4) Dana Kauffman; (5) Andrew Kaplan, and (6) Joseph Colletti were all necessary, especially considering they were relied on in the parties' respective statements of material facts at the summary judgment stage of this dispute. *See* [D.E. 76, 77, 79, 80]. And Defendant deposed Daniel Bortunk because at the time it was believed he possessed pertinent information related to Defendant's defenses but did not rely on his deposition testimony for the purposes of Defendant's Motion for Summary Judgment.

*i. Private process server costs*

Private process server fees are recoverable costs. *See United States EEOC v. W&O Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (holding that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" in the Eleventh Circuit). Defendants is requesting to recover $355 in costs for private process servers. Defendant had to utilize these private process servers to issue subpoenas necessary to obtain records spanning over a decade from banks, law firms, and accountants, and fact witnesses. Notably, Defendant has not included all of the process server fees it has expended in this dispute.

**F. Total Costs Requested**

Defendant is requesting a total of $12,834.18 in costs. A breakdown of total costs related to depositions and process servers can be found in the chart below and a copy of all the invoices are attached to Composite Exhibit F to Exhibit 1 of this Motion.

| Services | Amount |
|---|---|
| Process Server- City National Capital Finance, LLC | $80.00 |
| Process Server- Wells Fargo | $80.00 |
| Process Server- US Century Bank | $80.00 |
| Process Server- A. Roth & Co. Public Accountants | $80.00 |
| Process Server- Daniel Bortunk | $35.00 |
| Dep. Trans. Bart Seidler | $1,635.45 |
| Dep. Trans. Joseph Colletti | $481.85 |
| Dep. Trans. Bart Seidler | $594.80 |
| Dep. Trans. Dana Kaufman | $600.00 |
| Dep. Trans. Dana Kaufman | $44.85 |
| Dep. Trans. Gregory Mirmelli | $2,226.55 |
| Videography Dep. Gregory Mirmelli | $1,759.24 |
| Dep. Cancellation Daniel Bortunk | $200.00 |
| Dep. Cancellation Gregory Mirmelli | $200.00 |
| Dep. Daniel Bortunk | $316.25 |
| Dep. Cancellation Gregory Mirmelli | $260.00 |
| Videography Dep. Gregory Mirmelli | $796.38 |
| Dep. Trans. Andrew Kaplan | $1,355.16 |
| Dep. Trans. Gregory Mirmelli | $2,008.65 |
| TOTAL: | $12,834.18 |

### G. Total Attorneys Fees and Costs Requested

| | |
|---|---|
| Total Attorneys' Fees: | $420,745.50 |
| Total Costs: | $12,834.18 |
| **TOTAL FEE AWARD REQUESTED:** | **$433,579.68** |

Accordingly, Defendant is seeking to recover a total of **$433,579.68** in attorneys' fees and costs in defending against Plaintiff's failed civil theft claim that was nothing more than a breach of contract claim.

## IV. CONCLUSION

**WHEREFORE**, Defendant, FTP INVESTMENT CORPORATION, respectfully requests the Court grant the instant motion by entering an order finding Defendant is entitling to recover its attorneys' fees and costs from Plaintiff under Section 772.11, Florida Statutes, and awarding Defendant **$433,579.68** in attorneys' fees and costs together with such other relief deemed just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), on August 20, 2025, undersigned counsel conferred via telephone with counsel for Plaintiff, Melissa Mackiewicz, and the parties could not come to an agreement on the issues set forth in this Motion.

Dated: August 21, 2025

Respectfully submitted,

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
*Counsel for Defendant*
100 S.E. 2nd Street, Suite 2600
Miami, Florida 33131
Tel: (786) 425-1045
Fax: (786) 425-3905

By: /s/ *Marcus A. Nielsen*
**Marcus A. Nielsen, Esq.**
Florida Bar No. 1010803
mnielsen@boydlawgroup.com
ServiceMia@boydlawgroup.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 21, 2025, I served the foregoing documents on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Marcus A. Nielsen*
**Marcus A. Nielsen**
Florida Bar No. 1010803
mnielsen@boydlawgroup.com

# SERVICE LIST

**Joseph I. Pardo, Esq.**
Pardo Law PLLC
1205 Lincoln Road, Suite 211
Miami Beach, Florida 33139
Telephone: (305) 308-7388
Email: joe@pardolawmiami.com;
eclinton@pardolawmiami.com;
melissa@pardolawmiami.com; and
derek@pardolawmiami.com
*Counsel for Plaintiff Transpark, LLC*