**IN UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION**

CASE NO. 1:24-CV-20631-BECERRA/SANCHEZ

TRANSPARK, LLC, a
Florida limited liability company,

*Plaintiff*,

v.

FTP INVESTMENT CORPORATION, a
California corporation.

*Defendant*.

_______________________________________/

**DEFENDANT'S MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES AND COSTS AS THE PREVAILING PARTY UNDER THE PARTIES' AGREEMENT**

Defendant, FTP INVESTMENT CORPORATION ("Defendant" or "FTP") pursuant to Local Rule 7.3, by and through the undersigned counsel, files this Motion for Entitlement to Attorneys' Fees and Costs as the Prevailing Party Under the Parties' Agreement, and as grounds therefore states as follows:

## I. SUMMARY OF THE ARGUMENT

As the prevailing party, Defendant is entitled to recover a total of **$1,096,392.13** in attorneys' fees and costs from Plaintiff under the Profit Participation Agreement at issue. Plaintiff brought a claim for breach of contract along with multiple other claims that arose out of and related to the Profit Participation Agreement. Defendant prevailed on all claims and the Court entered final judgment in Defendant's favor against Plaintiff. The Profit Participation Agreement contained a prevailing party attorneys' fee provision, which entitles Defendant to the recovery of all attorneys' fees and costs incurred in its defense against Plaintiff's claims. So, Defendant is entitled to recover

$967,998 in attorneys' fees, $109,556.84 in non-taxable costs, and $18,837.29 in taxable costs for a total of **$1,096,392.13.**

## II. PROCEDURAL AND FACTUAL HISTORY

1. Throughout the course of this dispute Plaintiff Transpark LLC ("Plaintiff" or "Transpark") alleged the following claims against Defendant: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) breach of common law partnership, (4) unjust enrichment, (5) equitable accounting, (6) civil theft, (7) conversion, (8) embezzlement, (9) negligent misrepresentation, (10) fraudulent misrepresentation, (11) breach of fiduciary duty, and (12) perjury[1]. Every claim arose out of and was related to the breach of contract claim. *See* D.E. 1, D.E. 6, D.E. 24, D.E. 52.

2. On February 18, 2024, Plaintiff initiated this lawsuit and sued Defendant for claims relating to a breach of a Profit Participation Agreement ("Agreement") and Ground Lease entered into by Plaintiff and Defendant in 2006 regarding the property located at 130 SE 1st Street, Miami, FL 33131 ("Parking Lot"). Defendant sold the property in 2021, over ten years after Plaintiff was dissolved and had abandoned the Agreement. Plaintiff's initial Complaint contained claims of breach of contract, breach of implied covenant of good faith and fair dealing, breach of common law partnership, unjust enrichment, and equitable accounting. *See* D.E. 1.

3. On June 13, 2024, Plaintiff filed its Second Amended Complaint, which omitted its claim for equitable accounting but included a meritless claim for civil theft in an attempt to get treble damages. D.E. 24.

---

[1] Plaintiff's Third Amended Complaint was a shotgun pleading with claims of conversion, embezzlement, negligent misrepresentation, fraudulent misrepresentation, breach of fiduciary duty, and perjury all contained within its civil theft claim. *See* D.E. 52 at pp. 36-37.

4. On October 30, 2024, the Court dismissed Plaintiff's claim for breach of common law partnership without prejudice, and Plaintiff never refiled the claim. The Court also dismissed the civil theft claim since it was "truly pled as a breach of contract" claim. D.E. 87 at p. 22.

5. On December 12, 2024, Plaintiff filed its Third Amended Complaint, which realleged its meritless civil theft claim and included claims of conversion, embezzlement, negligent misrepresentation, fraudulent misrepresentation, breach of fiduciary duty, and perjury—all of which were contained within its civil theft claim yet were based on the terms of the Agreement. D.E. 52 at pp. 36-37.

6. On April 1, 2025, FTP served Transpark with a Proposal for Settlement for $405,000, which was rejected by Transpark ("PFS"). *See* PFS hereto attached as **Exhibit 1.**

7. On July 1, 2025, the Court entered summary judgment in favor of FTP against Transpark's claims of unjust enrichment and civil theft. D.E. 127. This resulted in Plaintiff's claims of conversion, embezzlement, negligent misrepresentation, fraudulent misrepresentation, breach of fiduciary duty, and perjury being extinguished as well. D.E. 52 at pp. 36-37.

8. On October 3, 2025, after the conclusion of a four-day trial, the jury returned a verdict in favor of FTP on Transpark's remaining claims of breach of contract and breach of the implied covenant of good faith and fair dealing. D.E. 179.

9. On October 24, 2025, the Court entered Final Judgment against Plaintiff in favor of Defendant. D.E. 190.

10. The Agreement contains an attorneys' fees provision granting the prevailing party entitlement to recover attorneys' fees and costs "relating to or arising out" of the Agreement. D.E. 77-6.

11. Defendant's counsel, Marcus A. Nielsen, Esq.'s affidavit in support of this motion is hereto attached as **Exhibit 2.**

12. On November 24, 2025, Defendant served Plaintiff a draft version of this Motion.

13. The parties met and conferred on December 10, 11, & 17 but could not come to an agreement on the matters raised herein.

## III. LAW AND ARGUMENT

### A. Defendant is entitled to recover its attorneys' fees and costs under the Agreement.

Defendant is the prevailing party and entitled to recover its attorneys' fees and costs from Plaintiff under the Agreement. "Under Florida law, 'where a contract provides for an award of prevailing party attorney's fees, the trial court is without discretion to decline to enforce that provision.'" *TEC Serv, LLC v. Crabb*, 622 F. App'x 867, 870 (11th Cir. 2015) (citation omitted). The prevailing party for attorney's fees is "the party prevailing on the significant issues in the litigation." *Id.* (citing *Moritz v. Hoyt Enters.*, Inc., 604 So. 2d 807, 810 (Fla. 1992)).

Here, the Agreement at issue states: "[i]n the event of any litigation between the parties to this Agreement relating to or arising out of this Agreement, the prevailing party in such litigation shall recover from the non-prevailing party in such litigation proceedings, all attorneys' fees and costs (at trial and at appellate levels) incurred by the prevailing party." D.E. 77-6.

According to the Final Judgment, Defendant is the prevailing party on all claims, having obtained a jury verdict in its favor on Plaintiff's claims of breach of contract and breach of the implied covenant of good faith and fair dealing, and having obtained summary judgment in its favor on Plaintiff's claims of unjust enrichment and civil theft. D.E. 190. So, the Court should determine that Defendant is the prevailing party and entitled to recover its attorneys' fees and costs under the terms of the Agreement from Plaintiff.

**B. Defendant is entitled to a full fee award since all of Plaintiff's claims are inextricably intertwined with Plaintiff's breach of contract claim and the Agreement itself.**

Defendant is entitled to recover all attorneys' fees and costs expended in this dispute because all of Plaintiff's claims were inextricably intertwined with the Agreement. "Under Florida law, claims arise out of a contract if they are inextricably intertwined with the contract." *Dolphin Ltd. Liab. Co. v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013) (citing *Caufield v. Cantele*, 837 So. 2d 371, 379 (Fla. 2002)).

In *Dolphin*, the seller prevailed on summary judgment against the buyer's claims that the seller violated the Interstate Land Sales Full Disclosure Act ("ILSFDA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") based on facts that stemmed from a contract to buy a condominium. *Id.* at 1245-6 n. 4. The contract contained an attorneys' fee provision stating: "[i]n connection with any alternative dispute resolution proceedings or litigation, including appellate proceedings, arising out of this Contract, the prevailing party shall be entitled to recover attorneys' fees and costs . . ." *Id.* at 1245-6 n. 4. And seller, as the prevailing party, was awarded fees under the contract. *Id.*

The buyer, among other things, appealed the district court's order awarding attorneys' fees. *Id.* at 1250. The buyer argued the seller was not entitled to fees because the claims were based on the seller's failure to perform its statutory obligations instead of obligations under the contract. *Id.* However, the 11th Circuit found that the argument was "without merit" because (1) the buyer's claims could not be separated from the contract since the buyer's claimed damages arose pursuant to the terms of the contract, (2) its FDUTPA claim was based on alleged misleading statements within the contract at issue, and (3) the ILSFDA claim arose due to the seller's alleged failure to include required provisions in the contract. *Id.* at 1251. The 11th Circuit affirmed the district court's award of attorneys' fees by reasoning that all the claims were "inextricably intertwined with the

contract and therefore ar[o]se out of the contract" because none of the claims "could exist without the contract." *Id.* at 1251.

Here, the Court should apply the same reasoning as the 11th Circuit in *Dolphin* and find that all Plaintiff's claims against Defendant were inextricably intertwined with the Agreement and therefore arose out of the Agreement because none of the claims could exist without it. This is exemplified by the fact that every allegation relies on the terms of the Agreement or facts surrounding the same. *See* D.E. 1, D.E. 6, D.E. 24, D.E. 52. And further supported by Plaintiff having incorporated the general allegations its breach of contract claim relies on into every claim. D.E. 52. at ¶¶ 163, 178, 186, 194. The sum all of Plaintiff's claims were that it did not receive monies allegedly owed under the terms of the Agreement. D.E. 52. at ¶ 159. Stated differently, without the Agreement, this dispute would have never came to fruition. Accordingly, the Court should grant Defendant a full fee award because all Plaintiff's claims were inextricably intertwined the Agreement and thus related to or arose out of the same.

**C. In the alternative, Defendant is also entitled to recover all attorneys' fees and costs from April 1, 2025, until the present due to Plaintiff's failure to accept Defendant's PFS.**

Defendant is also entitled to a full fee award for fees and costs from April 1, 2025, to the present due to Defendant prevailing on all claims after Plaintiff's rejection of Defendant's PFS. The Eleventh Circuit has stated that "Florida's offer of judgment statute, Fla. Stat. § 768.79, is applicable to cases, like this one, that are tried in the State of Florida[.]" *McMahan v. Toto*, 311 F.3d 1077, 1081 (11th Cir. 2002).

Section 768.79 states, in pertinent part, that:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer…

Fla. Stat. § 768.79(1).

Here, on April 1, 2025, Defendant served its PFS on Plaintiff for $405,000, which Plaintiff did not accept. *See* Ex. 1. Thereafter, the Court entered Final Judgment in Defendant's favor against Plaintiff. Thus, Plaintiff recovered nothing. Accordingly, in the event the Court finds that Defendant is not entitled to recover its attorneys' fees and costs under the Agreement or that all the claims were not inextricably intertwined with the Agreement, the Court should find Defendant is entitled to recover all attorneys' fees and costs from Plaintiff under Fla. Stat. § 768.79(1) from April 1, 2025, to present.

**D. Law regarding calculating attorneys' fee awards.**

"Just as a federal court must apply state law to determine whether a party is entitled to fees, it must also apply state law to resolve disputes about the reasonableness of fees." *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010) (footnote omitted). "In calculating attorney fee awards, Florida [c]ourts have adopted the federal lodestar approach as the foundation for setting reasonable fee awards." *MWH Constructors, Inc. v. Brown & Brown Elec., Inc.*, No. 17-80902-CIV, 2018 U.S. Dist. LEXIS 153005 (S.D. Fla. Sep. 5, 2018) at *2 (quotations and citations omitted). The calculated "lodestar" may then be adjusted for the results obtained. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). To compute the lodestar amount, courts in this District consider the *Johnson* factors:

> (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
>
> (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

> (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and
>
> (8) whether the fee is fixed or contingent.

*See Wachovia Bank v. Tien*, No. 04-20834, 2015 WL 10911506, at *1 (S.D. Fla. Apr. 7, 2015) (J. Valle) (*citing Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-719 (5th Cir. 1974)).

In addition to the *Johnson* factors, the Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "all of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008). Further, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and also the Court's own knowledge of the rates charged by local practitioners. *See also, Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988), ("[t]he court ... is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees ...").

In submitting a request for attorneys' fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). This means excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (emphasis in original)).

Here, Defendant has exercised billing judgment by closely examining the attorneys' fees and costs it seeks to recover to excluded fees and costs for any excessive, redundant or otherwise unnecessary work. This is exemplified by the fact that Defendant is not seeking to recover time entries that are *completely* redacted, of which there are many.

***i. Calculation of the fee amount.***

Defendant was initially represented by Bell Rosquete Reyes Estaban, PLLC, and is currently represented by Boyd Richards Parker & Colonnelli, P.L. The charts below break down the billing calculations by firm. *See* Ex. 2 at ¶¶ 11-13. A copy of all the attorneys' billing invoices are attached as Composite Exhibit E to Exhibit 2 of this Motion.

*a. Calculation of fee amount from Bell Rosquete Reyes Estaban, PLLC*

| Timekeeper | Title | Rate | Hours | Total |
|---|---|---|---|---|
| Javier A. Reyes, Esq. | Partner | $600 per hour | 42.6 | $25,560 |
| Armando Rosquete, Esq. | Partner | $600 per hour | 26.4 | $15,840 |
| Robert M. Gallinar, Esq. | Associate | $325 per hour | 30.2 | $9,815 |
| Dimitrije Canic | Associate | $325 per hour | 6.0 | $1,950 |
| Veronica Vicente, Esq. | Associate | $300 per hour | 58.7 | $17,610 |
| Gisselle Encarnacion | Paralegal | $100 per hour | 11 | $1,100 |
| | | | **Total:** | $71,875 |

*b. Calculation of fee amount from Boyd Richards Parker & Colonnelli, P.L.*

| Timekeeper | Title | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Steven J. Mitchell, Esq. | Partner | $650 | 37.7 | $24,505 |
| Manuel Casabielle, Esq. | Partner | $650 | 176.8 | $114,920 |
| Marcus A. Nielsen, Esq. | Partner | $650 | 850.8 | $553,020 |
| Nicole Leon, Esq. | Associate | $450 | 291.4 | $131,130 |

| | | | | |
|---|---|---|---|---|
| Jorge G. Castillo Cuevas, Esq. | Associate | $450 | 12 | $5,400 |
| Nanette M. Bauza | Paralegal | $175 | 381 | $66,675 |
| Brittany Goran | Paralegal | $175 | 2.7 | $472.5 |
| | | | **Total:** | $896,123 |

*c. Defendant's total attorneys' fee amount*

| Firm | Total per firm |
|---|---|
| Boyd Richards Parker & Colonnelli, P.L | $896,123 |
| Bell Rosquete Reyes Estaban, PLLC | $71,875 |
| **TOTAL FEES:** | $967,998 |

**ii. Defendant's Fee Claim is Reasonable.**

*a. Defendant's alternative fee recovery clause and rates are valid and reasonable.*

Defendant's retainer agreement with its current counsel, Boyd Richards Parker & Colonnelli, P.L., contains a valid alternative fee recovery clause. According to the retainer agreement: "should anyone other than [FTP] be required to pay [the firm's] attorneys' fees, the hourly rate for attorneys' fees shall be $650 for partners, $450 for associates, and $175 for paralegals or such an amount as is determined by the court, whichever is higher." *See* Ex. 2 at ¶ 8. The Florida Supreme Court has found this clause valid "even if [the] contract provides that prevailing party attorney's fees may be higher than those charged to the client." *Carl Domino, Inc. v. Dixon*, 50 Fla. L. Weekly D1155 (Fla. 4th DCA May 21, 2025) (*First Baptist Church of Cape Coral, Fla. Inc. v. Compass Constr., Inc.*, 115 So. 3d 978, 983 (Fla. 2013) (("[W]e hold that the alternative fee recovery clause, which required Compass to pay prevailing party reasonable

attorney's fees in an amount greater than First Baptist's insurance company owed under the agreement's hourly rate, is valid."))); *see CodeVentures, Ltd. Liab. Co. v. Vital Motion, Inc.*, No. 20-CV-21574-MORE, 2021 U.S. Dist. LEXIS 201533, at *33 (S.D. Fla. Oct. 19, 2021) ("in Florida, alternative fee agreements in anticipation of a Court-ordered award of attorneys' fees are enforceable").

1. Billing Attorneys from Boyd Richards Parker & Colonnelli, P.L.

a. Manuel Casabielle— Partner

Mr. Casabielle has been practicing since 1982. He is a partner at Boyd Richards Parker & Colonnelli, P.L. ("BRPC"). He has conducted over 200 trials. His firm biography is attached to Composite Exhibit C to Exhibit 2 of this Motion. His hourly rate is $650.

b. Marcus Antonio Nielsen — Partner

Mr. Nielsen was admitted to the Florida Bar in 2018 and the Washington D.C. Bar in 2021. He is a partner at BRPC. His resume and firm biography are attached as Composite Exhibit A to Exhibit 2 of this Motion. Mr. Nielsen has experience litigating breach of contract, civil theft, and conversion claims similar to claims raised by Plaintiff.[2] His hourly rate is $650.[3]

c. Steven J. Mitchell — Partner

---

[2] Mr. Nielsen has litigated breach of contract, civil theft, or conversion of money claims in the following non-exhaustive list of cases: *Kuehne + Nagel, S.A., v. APAAIR, LLC,* in the 11th Judicial Circuit in and for Miami-Dade County, with Case No. 2018-041849-CA-01; *Eliezer Tabib, et al. v. Dror Levy, et al.*, in the 11th Judicial Circuit in and for Miami-Dade County, with case no. 2021-000099-01, *Marco Destin, Inc., et al. v. Okaloosa Properties Management, LLC, et al,* in the 1st Judicial Circuit in and for Okaloosa County, Florida, with Case No. 2021-003926-CA.; *Bha-Ku, et al. v. Dror Levy, et. al.,* in the 17th Judicial Circuit in and for Broward County, Florida, with Case No. CACE21-004569; *Eliezer Tabib v. Dror Levy, et. al.,* in the 17th Judicial Circuit in and for Broward County, Florida, with Case No. CACE-24-009371; *Calos Kauffman, et al. v. Juan Bracamonte*, in the 11th Judicial Circuit in and for Miami-Dade County, with Case No. 2019-034382-CA-01.

[3] Starting in November 2024, Mr. Nielsen lowered his discounted rate from $400 to $300 to provide Defendant with a discount, however, Plaintiff is not entitled to receive this discount.

Mr. Mitchel was admitted to the Florida bar in 1988. He is a partner at BRPC. His firm biography is attached to Composite Exhibit C to Exhibit 2 of this Motion. His hourly rate is $650.

d. Nicole Leon — Associate

Ms. Leon was admitted to the Florida Bar in 2023. Her firm biography is attached as Composite Exhibit C to Exhibit 2 of this Motion. She is an associate at BRPC. Her hourly rate is $450.

e. Jorge G. Castillo Cuevas — Associate

Mr. Castillo was admitted to the Florida Bar in 2021. He was an associate at BRPC.[4] His firm biography is attached to Composite Exhibit C to Exhibit 2 of this Motion. His hourly rate is $450.

2. Billing Attorneys from Bell Rosquete Reyes Estaban, PLLC

a. Javier A. Reyes, Esq. — Partner

Mr. Reyes was admitted to the Florida Bar in 2003. He is a partner and founding member of Bell Rosquete Reyes Estaban, PLLC ("Bell Rosquete"). His firm biography is attached to Composite Exhibit D to Exhibit 2 of this Motion. His hourly rate is $600.

b. Armando Rosquete, Esq. — Partner

Mr. Rosquete was admitted to the Florida Bar in 2003. He is a named partner at Bell Rosquete. His firm biography is attached to Composite Exhibit D to Exhibit 2 of this Motion. His hourly rate is $600.

c. Robert M. Gallinar, Esq. — Associate

Mr. Gallinar was admitted to the Florida bar in 2021. He was an associate at Bell Rosquete,

---

[4] Mr. Castillo no longer works at BRPC and is currently employed by Lash Goldberg Fineberg LLP. He was replaced by Nicole Leon on this matter.

Who currently works for Zarco Einhorn Salkowski. His firm biography and Linkedin page are attached to Composite Exhibit D to Exhibit 2 of this Motion. His hourly rate was $325.

d. Dimitrije Canic, Esq. — Associate

Mr. Canic was admitted to the Florida bar in 2019. He was an associate at Bell Rosquete, who currently works for Venable LLP. His firm biography and Linkedin page are attached to Composite Exhibit D to Exhibit 2. His hourly rate was $325.

e. Veronica Vicente, Esq. — Associate

Ms. Vicente was admitted to the Florida Bar in 2022. She is an associate at Bell Rosquete, Her firm biography is attached to Composite Exhibit D to Exhibit 2. Her hourly rate is $300.

*b. The hours requested were reasonably expended.*

Approximately ten years after being dissolved and abandoning the property, Transpark reappeared in order to demand over $15 million in damages within its 245-paragraph Complaint. D.E. 52. Throughout this dispute Transpark has alleged claims of: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) breach of common law partnership, (4) unjust enrichment, (5) equitable accounting, (6) civil theft, (7) conversion, (8) embezzlement, (9) negligent misrepresentation, (10) fraudulent misrepresentation, (11) breach of fiduciary duty, and (12) perjury. Transpark amended its pleadings three times which resulted in three motions to dismiss, dispositive motions, a *Daubert* motion, motions in limine, motions to strike, and a motion for directed verdict, among others.

Notably, the facts of this case spanned from 2006 to 2021, which required the review and analysis of thousands upon thousands of pages of tax records, mortgage records, bank records, accounting records, related litigation records, depositions transcripts, and email communications. In order for FTP to properly produce the required ESI, it had to hire outside ESI counsel and support,

which also involved countless hours of document review due to the voluminous amount of ESI involved. FTP also had to issue various subpoenas to banks, law firms, and accountants in attempts to locate documents, some being over a decade old in order to mount its defense and comply with Plaintiff's discovery requests. During this lawsuit, the depositions of the following parties were taken: (1) Bart Seidler, which required two separate depositions, (2) Gregory Mirmelli, which required two separate depositions, (3) Daniel Bortunk, (4) Andrew Kaplan, (5) Dana Kaufman, (6) Joseph Colleti, and (7) Moises Grayson. D.E. 77-2, D.E. 77-3, D.E. 77-4, D.E. 77-5, D.E. 77-9, D.E. 77-10, D.E. 77-11 D.E. 73-4, D.E. 74-6, D.E. 18.[5] FTP also had to hire an expert forensic accountant in order to opine on damages to support its position that Transpark was not entitled to any damages under the terms of the Agreement due to the amount of money FTP had to invest into the Property and FTP's preferential return.

This all culminated in a four-day trial whereby the parties had a combined total of 312 trial exhibits. Notably, FTP's counsel obtained a jury verdict in favor of FTP resulting in a complete victory. So, the Court should find that the hours expended by FTP's counsel were reasonable due to the complexity and number of claims alleged, amount at issue, length of the case, expansive discovery involved, and outcome obtained by FTP's counsel.

**E. Entitlement to all costs regardless of them being non-taxable.**

FTP is entitled to recover $109,556.84 of its non-taxable costs from Transpark under the Agreement. "Where the parties have contractually agreed to award costs to the prevailing party beyond those taxable under § 1920, such provision should be enforced." *Arthur J. Gallagher Serv. Co. v. Egan*, 2015 U.S. Dist. LEXIS 181011, 2015 WL 12130383, at *7 (S.D. Fla. Feb. 18, 2015), *Report and Recommendation adopted*, 2015 U.S. Dist. LEXIS 181010, 2015 WL 12149975 (S.D.

[5] Avrohom Roth was Gregory Mirmelli and Transpark's accountant, and was set for deposition, however, he failed to appear.

Fla. Mar. 30, 2015) (citing *MKT Reps S.A. De C.V. v. Standard Chartered Bank Int'l (Americas) Ltd.*, 2013 U.S. Dist. LEXIS 46131, 2013 WL 1289261, *3 (S.D. Fla. Mar. 28, 2013) (holding that a defendant was entitled to "recover costs beyond the scope of 28 U.S.C. § 1920" where the contract entitled the prevailing party to an award of "all resulting costs and expenses . . . including without limitation any attorneys' fees (and attorneys' expenses) incurred at trial, on appeal or without litigation"). Under Florida law, provisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced. *See Price v. Tyler*, 890 So. 2d 246, 250 (Fla.2004). Further, "[t]rial courts do not have the discretion to decline to enforce such provisions, even if the challenging party brings a meritorious claim in good faith." *Lashkajani v. Lashkajani*, 911 So.2d 1154, 1158 (Fla. 2005).

Here, the Agreement states FTP can recover "all attorneys' fees and costs (at trial and at appellate levels) incurred" as the prevailing party. D.E. 77-6. Accordingly, the Court should find that FTP is entitled to recover all nontaxable costs.

1. *Reasonableness of FTP's non-taxable costs*

Defendant is seeking to recover a total of $109,556.84 in non-taxable costs from Plaintiff. Copies of all invoices supporting Defendant's claim of non-taxable costs are attached as Composite Exhibit F to Exhibit 2 of this Motion and an analysis of the reasonableness of said costs is below.

a. ESI counsel and services.

Defendant's retention of Order of Proof and costs of $52,580.34 for its services were reasonable and necessary. In order to obtain, extract, store, and manage the 345 gigabytes of ESI involved in this dispute FTP had to retain Order of Proof as ESI counsel. These costs were necessary in order to obtain ESI from 2006 to 2021 from different databases in order for Defendant to comply

with its discovery obligations and gather evidence for its defense. And Order of Proof's technical expertise we required in order obtain said ESI. So, the Court should find that the costs associated with Order of Proof's retention and services are reasonable and recoverable.

b. Expert forensic accountant

Defendant's retention of its expert forensic accountant, Dana Kaufman, and the costs of $46,787.50 for his services were reasonable and necessary. In order for Defendant to support its defense that Plaintiff was not entitled to any damages under the terms of the Agreement, Defendant had to retain Mr. Kauffman to perform a forensic analysis of FTP's books, records, and documents related to the management and operation of the Property from 2006 to 2021. *See* D.E. 73-1. Defendant relied on Mr. Kaufman's opinion to draft its *Daubert* motion and listed Mr. Kaufman as a witness for trial. D.E. 73, D.E. 141-3. In order for Mr. Kauffman to render his opinion and prepare for trial, he had to review a large number of documents, conduct research, prepare for and attend a deposition, and review Plaintiff's rebuttal experts report and prepare a cert rebuttal to the same. Accordingly, the Court should find that the costs for Mr. Kaufman's retention and services are reasonable and recoverable.

c. Courier for trial

Defendant's retention of Courier-Elite Couriers, LLC, for the total amount of $314.00 was reasonable and necessary so that Defendant could have its documents, equipment, and supplies delivered to and from the court room for trial.

d. Trial graphics support

Defendant's retention of Legaleze, a trial graphics support company, for the total amount of $10,375.00 was reasonable and necessary so that Defendant could have the appropriate technical assistance in managing the over 312 trial exhibits and presentations during trial.

2. *Total non-taxable costs requested by FTP.*

| Date | Services | Amount |
|---|---|---|
| 10/8/2024 | ESI-Order of Proof, LLC. | $11,824.00 |
| 11/5/2024 | ESI-Order of Proof, LLC. | $13,152.70 |
| 12/10/2024 | ESI-Order of Proof, LLC. | $8,601.05 |
| 1/3/2025 | ESI-Order of Proof, LLC. | $5,335.70 |
| 2/9/2025 | ESI-Order of Proof, LLC. | $5,000.70 |
| 3/10/2025 | ESI-Order of Proof, LLC. | $962.91 |
| 4/10/2025 | ESI-Order of Proof, LLC. | $962.91 |
| 5/8/2025 | ESI-Order of Proof, LLC. | $962.91 |
| 6/5/2025 | ESI-Order of Proof, LLC. | $962.91 |
| 7/7/2025 | ESI-Order of Proof, LLC. | $962.91 |
| 8/7/2025 | ESI-Order of Proof, LLC. | $962.91 |
| 9/4/2025 | ESI-Order of Proof, LLC. | $962.91 |
| 10/4/2025 | ESI-Order of Proof, LLC. | $962.91 |
| 10/13/2025 | ESI-Order of Proof, LLC. | $962.91 |
| 9/30/2024 | Expert-Kaufman & Company | $5,825.00 |
| 10/31/2024 | Expert-Kaufman & Company | $6,512.50 |
| 11/30/2024 | Expert-Kaufman & Company | $12,437.50 |
| 12/31/2024 | Expert-Kaufman & Company | $3,862.50 |
| 1/31/2025 | Expert-Kaufman & Company | $5,675.00 |
| 2/28/2025 | Expert-Kaufman & Company | $975.00 |
| 8/31/2025 | Expert-Kaufman & Company | $3,325.00 |
| 9/30/2025 | Expert-Kaufman & Company | $6,475.00 |
| 10/31/2025 | Expert-Kaufman & Company | $1,200.00 |
| 10/5/2025 | Courier-Elite Couriers LLC. | $157.00 |
| 10/21/2025 | Courier-Elite Couriers LLC. | $157.00 |
| 10/31/2025 | Trial Graphics-Legaleze | $10,375.00 |
| | **Total:** | **$109,556.84** |

**F. FTP's Taxable Costs Requested**

On November 24, 2025, FTP filed its Bill of Costs to recover $18,837.29 in taxable costs from Transpark. D.E. 195. FTP hereby incorporates the taxable costs requested in its Bill of Costs herein. Should the Court find that any of costs requested in FTP's Bill of Costs are non-taxable, FTP requests that they be deemed non-taxable costs recoverable under the Agreement as argued above.

**G. Defendant's Total Attorneys' Fees and Costs Requested**

| | |
|---|---|
| Total Attorneys' Fees: | $967,998.00 |
| Total Non-Taxable Costs: | $109,556.84 |
| Total Taxable Costs: | $18,837.29 |
| **TOTAL FEE AWARD REQUESTED:** | **$1,096,392.13** |

Accordingly, as the prevailing party under the Agreement, Defendant is requesting a fee award of **$1,096,392.13** in attorneys' fees and costs incurred in defending against Plaintiff's lawsuit.

**IV. CONCLUSION**

**WHEREFORE**, Defendant, FTP INVESTMENT CORPORATION, respectfully requests the Court grant the instant motion by entering an order finding Defendant is entitling to recover its attorneys' fees and costs from Plaintiff and awarding Defendant **$1,096,392.13** attorneys' fees and costs together with such other relief deemed just and proper.

Dated: December 22, 2025.

Respectfully submitted,

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
*Counsel for Defendant*
100 S.E. 2nd Street, Suite 2600
Miami, Florida 33131
Tel: (786) 425-1045
Fax: (786) 425-3905
By: /s/ *Marcus A. Nielsen*
**Marcus A. Nielsen, Esq.**
Florida Bar No. 1010803
mnielsen@boydlawgroup.com
ServiceMia@boydlawgroup.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), on December 10, 11, & 17 undersigned counsel conferred via email with Plaintiff's Counsel, Joseph Pardo, Esq., (joe@pardolawmiami.com) and the parties could not come to an agreement on the issues raised herein.

By: /s/ *Marcus A. Nielsen*
**Marcus A. Nielsen, Esq.**
Florida Bar No. 1010803

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 22, 2025, I served the foregoing documents on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Marcus A. Nielsen*
**Marcus A. Nielsen**
Florida Bar No. 1010803
mnielsen@boydlawgroup.com

## SERVICE LIST

**Joseph I. Pardo, Esq.**
Pardo Law PLLC
1205 Lincoln Road, Suite 211
Miami Beach, Florida 33139
Telephone: (305) 308-7388
Email: joe@pardolawmiami.com;
eclinton@pardolawmiami.com;
melissa@pardolawmiami.com; and

derek@pardolawmiami.com
*Counsel for Plaintiff Transpark, LLC*

**ROBERT ZARCO, ESQ.**
**F. ALAINA RODRIGUEZ, ESQ.**
**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S. Biscayne Blvd., Suite 3400
Miami, Florida 33131
E-mail: rzarco@zarcolaw.com
Secondary Email: eservice@zarcolaw.com
E-mail: farodriguez@zarcolaw.com
Secondary Email: bryan@zarcolaw.com